IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION
FORT SMITH DISTRICT

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 1 5 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

JANES, INC. and
LOREN JANES                                                                                        PLAINTIFFS

vs.                                          Case No. 13-2049

WILLIAM J. MOATES;
SUN AMERICA ANNUITY AND LIFE ASSURANCE COMPANY;
AIG SUN AMERICA LIFE ASSURANCE COMPANY                              DEFENDANTS

COMPLAINT

Comes now the Plaintiffs, Janes, Inc. and Loren Janes, by and through their attorney, Joe D. Byars, Jr., of Byars, Hickey & Hall, P.L.L.C., and for their Complaint against the Defendants William J. Moates, Sun America Annuity and Life Assurance Company and AIG Sun America Life Assurance Company, state and allege as follows:

1. Plaintiff, Loren Janes, is an individual and citizen of the United States and is a resident of the State of Arkansas, who resides in the Fort Smith District of the Western District of Arkansas.

2. Plaintiff, Janes, Inc., is a corporation doing business within Fort Smith, Sebastian County, Arkansas.

3. This is an action for damages brought under the provisions of Section 10(b) of the Securities Exchange Act of 1934, as amended (the Exchange Act)(15 U.S.C. §78j(b) and Rule 10(b)-5 promulgated under The Act)(17 C.F.R. §240.10b-5), and the common laws of the State of Arkansas.

4. Jurisdiction of this court is conferred by Section 27 of The Exchange Act (15 U.S.C. §78aa). The acts or omissions complained of occurred or were transacted, in part, within Fort Smith, Sebastian County, Arkansas.

5. Defendant, William J. Moates, was an individual agent authorized to act on behalf of Sun America Annuity and Life Assurance Company and AIG Sun America Life Assurance Company whose conduct was within the course and scope of his employment with Sun America Annuity and Life Assurance Company and/or AIG Sun America Life Assurance Company ("ASLAC"). William J. Moates is an individual residing within Sebastian County, Arkansas and may be served with Summons and Complaint at his residence address of 3219 S. 28th Street, Fort Smith, Arkansas; alternatively he may be served at his regular place of business at 4300 Rogers Avenue, Suite 26, Fort Smith, Arkansas 72903.

6. Defendant, Sun America Annuity and Life Assurance Company, is a corporation qualified to do business within the State of Arkansas, doing business within the Western District of Arkansas ("Sun America"). Sun America may be served with Summons and Complaint by serving its registered agent for service of process, The Corporation Company, 300 Spring Building, Suite 900, 300 Spring Street, Little Rock, Arkansas, 72201. Sun America is a broker-dealer or a "controlling person" as defined by 15 USC §78t.

7. Defendant, AIG Sun America Life Assurance Company, is believed to be one and the same as Sun America, and is its predecessor in interest.

8. All times material to the allegations contained in this Complaint, William J. Moates was acting within the course and scope of his employment with the Defendant Sun America Annuity and Life Assurance Company and/or AIG Sun America Life Assurance Company, which permitted William J. Moates to act as their agent, clothed with full authority to perform all transactions complained of in this Complaint.

9. At all times material to the allegations contained in this Complaint, Defendant, William J. Moates, was in the employ of and under the control of the Defendants, Sun America Annuity and Life Assurance Company and/or AIG Sun America Life Assurance Company as a securities sales person.

10. The acts complained of herein involved the purchase and sale of "securities" within the meaning of Section 3(a)(10) of The Exchange Act (15 U.S.C. §78c(a)(10)) and were done by use of the United States mail and by use of the means and instrumentalities of interstate commerce, some of which acts took place in the Western District of Arkansas, including, but not limited to, the following:

   A.  Defendant, William J. Moates, personally visited with Loren Janes, the authorized representative of Janes, Inc., within the Fort Smith District of the Western District of Arkansas and induced the Plaintiffs, Loren Janes and Janes, Inc., to invest in securities which was named by Sun America as a "Seasons Select IIa Variable Annuity", styled as a "nonqualified"

   B.  On or about December 29, 2010, William J. Moates induced Loren Janes, on behalf of Janes, Inc., to issue a check in the amount of $85,600.00 made payable to the Janes, Inc. Defined Benefit Plan, which Moates described as an additional contribution to the existing account which Janes, Inc., and Loren Janes held with Sun America Annuity and Life Assurance Company.

   C.  William J. Moates, on behalf of Sun America, represented to Loren Janes and Janes, Inc., that such funds would be deposited into the existing account which Janes, Inc. had with Sun America, described above.

11.     Contrary to the expressed representation by William J. Moates that such funds in the amount of $85,600.00 would be deposited into the Sun America account, Moates caused the funds to be deposited with HR Administration, Inc., a corporation owned and/or operated and/or controlled by Robert Hague-Rogers ("Hague-Rogers").

12.     On information and belief, William J. Moates and/or Sun America Annuity and Life Assurance Company, Inc. and/or AIG Sun America Life Assurance Company knew, or should have known, that Defendant, Robert Hague-Rogers, was untrustworthy, and that the deposit of such funds of Janes, Inc. was at a high risk of loss.

13.     At all times relevant to the allegations contained in this Complaint, the Defendant, William J. Moates, and Defendant Sun America knew, and/or should have known, that the Plaintiffs' investment needs and objectives were to hold the funds under the variable annuity contract #A39A4008416, which funds were not to be transferred or sold without the express written consent of the Plaintiffs, Loren Janes and/or Janes, Inc.  Contrary to the specific direction of Loren Janes and Janes, Inc. for the funds to be held in accordance with the terms of the variable annuity contract #A39A4008416, William J. Moates caused the entire balance of the funds held by Separate Defendant, AIG Sun America Life Assurance Company, to be withdrawn on or about March 24, 2011, by virtue of a "redemption check" issued by Sun America Money Market, check #609524, account #9314932, under dealer # "1012", in an amount equal to $157,078.30.  On information and belief, William J. Moates, caused such sum to be withdrawn and transferred to an account entitled "Janes, Inc. Defined Benefit Pension Plan and Trust" controlled by HR Administration, Inc. and/or HR Financial Services, Inc., operated by Hague-Rogers, unbeknownst to Janes, Inc. and/or Loren Janes.

4

14. Separate Defendants, Sun America Annuity and Life Assurance Company and AIG Sun America Life Assurance Company, knew, or should have known, that the entire account balance in the amount of $157,078.30 was withdrawn from the annuity contract held by Janes, Inc., yet failed to notify Janes, Inc. and/or Loren Janes of the complete withdrawal of the funds which were held pursuant to the contract #A39A4008416, with AIG Sun America Life Assurance Company.

15. The actions of William J. Moates and Separate Defendants, Sun America Annuity and Life Assurance Company and AIG Sun America Life Assurance Company (by and through Moates), were performed without the knowledge or consent of the Plaintiffs, Janes, Inc. and/or Loren Janes, who believed, until approximately June of 2012, that the funds were held in the account known as the Seasons Select IIa Variable Annuity Account with Sun America, described hereinabove.

16. Defendant, Moates, in furtherance of a scheme to conceal his fraudulent conduct, caused a written memo to be issued to Janes, Inc. reflecting a deposit of the funds with HR Administrators, Inc. in a checking account at Chase Bank in Dallas, Texas.

17. As of approximately May of 2012, Janes, Inc. and Loren Janes were completely unaware of any movement or transactions involving the Janes, Inc. account with Sun America under account #A39A4008416, or any other account with Sun America.

18. Loren Janes and/or Janes, Inc. did not authorize, in any way, the Defendants to "move" or "close" any account Janes, Inc. and/or Loren Janes had with Defendant Sun America.

19. The Defendants, and each of them, wrongfully and fraudulently assumed control over the securities in Plaintiffs' account with Sun America and wrongfully and without

Plaintiffs' knowledge fraudulently, maliciously, and deceptively transferred Plaintiffs' account into an account which Defendants knew, or should have known, was an account of extremely high risk of loss and was made without due diligence inquiry and made in complete and total disregard for the financial and investment needs and objectives of the Plaintiffs.

20. The acts, misrepresentations of material fact and omissions to state other material facts and the course of conduct by Defendants constituted manipulative and deceptive devices or contrivances, in violation of Section 10(b) of The Securities Exchange Act of 1934 (15 U.S.C. §78j(b)) and Rule 10(b)-5 (17 C.F.R. §240.10b-5), promulgated under The Securities Exchange Act.

21. Moates, as an authorized agent of Defendants Sun America and AIG Sun America, made statements to the Plaintiffs which contained misrepresentations of material facts which were false and misleading, and the Defendant, William J. Moates, in the course and scope of his employment with Sun America omitted to state other material facts, and the acts and statements by Defendant, Moates, on behalf of Defendants, constitute a course of business that operated as a fraud and deceit upon the Plaintiffs, Janes, Inc. and Loren Janes.

22. All of the acts of the Defendant, William J. Moates, allege in this Complaint, were within the course and scope of his employment with the Defendants, and within the usual course of business of Defendants, Sun America Annuity and Life Assurance Company and AIG Sun America Life Assurance Company. Moreover, the Defendants, Sun America Annuity and Life Assurance Company and AIG Sun America Life Assurance Company, knew of, or had reasonable grounds to know, or should have known, of such acts, misrepresentations, and omissions in the course of conduct of William J. Moates in the exercise of a reasonable system of

internal supervision of its securities sales people and supervision of accounts intrusted to Sun America Annuity and Life Assurance Company.

23. Defendants, Sun America Annuity and Life Assurance Company and/or AIG Sun America Life Assurance Company, in the exercise of a proper system of internal supervision and oversight knew, or had reasonable grounds to know or should have known, of the above-mentioned fraudulent acts and statements by Defendant Moates, and at all times material to the allegations contained in this Complaint, said Defendants failed to maintain and enforce a proper system of internal supervision, in violation of its duty as a control person under Section 20 of The Securities Exchange Act (15 U.S.C. §78t).

24. On or about July or August of 2012, Loren Janes attempted to retrieve the funds which were wrongfully transferred and converted by Defendants, but was informed that substantially all of the proceeds of the funds which were held and entrusted to the Defendants under contract #A39A4008416 had been lost or is missing. Mr. Janes subsequently was advised that Robert Hague-Rogers defrauded various investors and that Loren Janes was identified as a victim of such fraud, which was facilitated by William J. Moates and Defendants Sun America Annuity and Life Assurance Company and/or AIG Sun America Life Assurance Company. Had the Defendants, and any of them, promptly notified Loren Janes and/or Janes, Inc. of the transfer of the funds as of the time the transfer was made, the damages would not have occurred.

25. Accordingly, as a result of the above-described acts, misrepresentations, omissions, and fraudulent course of conduct of the Defendants, the Plaintiffs, Loren Janes and Janes, Inc., have sustained damages, in that Plaintiffs' account, which was held under account #A39A4008416 with AIG Sun America Life Assurance Company, in addition to the additional

sum and amount of $85,600.00, were almost entirely lost and depleted as a result of Defendants' actions and omissions.

26. The Defendants, and each of them, in handling the Plaintiffs' account and funds provided for the purpose of deposit into such account, violated the rules promulgated pursuant to The Securities Exchange Act which provide that "every member organization must use due diligence to learn the essential facts relative to every customer and supervise diligently all accounts handled by registered representatives or their organization", and further omitted to internally control, through effective control measures, to supervise and monitor the status of Plaintiffs' account by keeping the Plaintiff and a supervising manager personally informed as to the essential facts relative to the customer in accordance with the rules of the The Securities Exchange Act. Separate Defendants, Sun America Annuity and Life Assurance Company and AIG Sun America Life Assurance Company violated the rules of fair practice in not providing sufficient control and supervision over the activities of its registered representatives, in order to assure compliance with the applicable securities laws, rules, regulations and statements of policies promulgated under those laws; therefore, Defendant did not comply with the rules of the NASD.

27. Defendants, and each of them, fraudulently and by means of deceptive and manipulative practices, and without the authority or knowledge of the Plaintiffs, transferred and converted Plaintiffs' securities, in violation of the state securities laws and The Securities Exchange Act (15 U.S.C. §78c(1)).

28. Defendants, and each of them, used means and instrumentalities of interstate commerce and the United States mail in effecting their manipulative, deceptive, and fraudulent

practices, through misrepresentations, concealments, and omissions, and all in violation of Section 10b of The Securities Exchange Act of 1934 (15 U.S.C. §78j(b) and Rule 10b-5, 17 C.F.R. §240.10b-5).

WHEREFORE, premises considered, the Plaintiffs, Janes, Inc. and Loren Janes, respectfully request that summons be issued and served upon William J. Moates, Sun America Annuity and Life Assurance Company, and AIG Sun America Life Assurance Company, and that such Defendants be cited to appear and answer herein, and upon trial by jury or other trial or hearing by the finder of fact, find that the Defendants, William J. Moates, Sun America Annuity and Life Assurance Company, and AIG Sun America Life Assurance Company, jointly and severally liable for the losses incurred by the Plaintiffs by virtue of the loss of the fraudulently transferred funds from the account known as A39A4008416, with AIG Sun America Life Assurance Company, and for the sum and amount of $85,600.00 which was represented to have been deposited and placed into such account; and that all such Defendants be jointly and severally liable for all of Plaintiffs' damages, attorney's fees, and cost of court; and for such other and further relief to which the Plaintiffs may show themselves justly entitled to receive.

JANES, INC. and LOREN JANES, *Plaintiffs*

BYARS, HICKEY & HALL, P.L.L.C.
Attorneys at Law
401 Lexington Avenue
Fort Smith, Arkansas 72901
Tel. 479-494-1800
Fax 479-783-0694
jbyars@cbhlegal.com

By: _____
Joe D. Byars, Jr.
AR Bar #95107