## IN THE UNITED STATES DISTRICT COURT
## WESTERN DIVISION OF ARKANSAS
## FORT SMITH DISTRICT

**JANES, INC. and**
**LOREN JANES**                                                                                    **PLAINTIFFS**

**VS.**                                            **Case No. 13-2049**

**WILLIAM J MOATES;**                                                                    **DEFENDANTS**
**SUN AMERICA ANNUITY AND LIFE ASSURANCE COMPANY;**
**AIG SUN AMERICA LIFE ASSURANCE COMPANY**

**DEFENDANT SUNAMERICA ANNUITY AND LIFE ASSURANCE COMPANY F/K/A**
**AIG SUNAMERICA LIFE ASSURANCE COMPANY'S**
**MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendant SunAmerica Annuity and Life Assurance Company f/k/a AIG SunAmerica

Life Assurance Company ("SunAmerica") hereby files this Memorandum in Support of its

Motion to Dismiss Plaintiffs' Complaint [doc. no. 1] as follows:

## I.    INTRODUCTION

Plaintiffs have failed to state a claim against SunAmerica that is plausible on the face of

the Complaint.   Indeed, Plaintiffs' claims are woefully deficient, lacking sufficient factual

allegations and substituting improper legal conclusions in their place.   By and through this

lawsuit, Plaintiffs accuse SunAmerica of violations of Section 10(b) of the Securities and

Exchange Act of 1934 ("SEA") and Rule 10b-5 promulgated thereunder, and seek to hold them

liable for the alleged wrongdoings of Defendant William J. Moates ("Moates").   However, such

contentions are solely supported by improper conclusions, which must be disregarded by this

Court for purposes of a motion to dismiss.    Moreover, Plaintiffs have failed to plead facts

supporting essential elements of an SEA claim.

Aside from the SEA claims, Plaintiffs make vague reference to violations of the common

laws of the State of Arkansas, as well as state securities laws.   However, nowhere in the

Complaint do Plaintiffs specify *which* common laws or state securities laws SunAmerica has allegedly violated, or facts supporting the same.  Such random and unsupported allegations fall desperately short of the pleading requirements set forth in the Federal Rules of Civil Procedure as recently clarified by the Supreme Court, thus warranting dismissal of Plaintiffs' claims.

## II.   FACTS[1]

The crux of Plaintiffs' Complaint is two part:  First, Plaintiffs allege that Moates induced Loren Janes on behalf of Janes Inc. to issue a check in the amount of $85,600.00 by misrepresenting that the money would be deposited into their preexisting SunAmerica annuity, and instead diverted the money to HR Administration, Inc., a corporation allegedly owned and/or operated and/or controlled by Robert Hague-Rogers ("Hague-Rogers").  *See* Compl. ¶¶ 10-11. Second, Plaintiffs claim that Moates ultimately caused the entire balance of the SunAmerica annuity ($157,078.30) to be withdrawn and transferred to an account controlled by HR Administration, Inc. and/or HR Financial Services, Inc., operated by Hague-Rogers. *Id*. ¶ 13. Plaintiffs purportedly learned that their money was lost due to fraud perpetuated by Hague-Rogers in 2012.  *Id*. ¶ 24.  Plaintiffs now assert federal and state securities act violation claims, as well as state common law claims, against both Moates and SunAmerica to recover the money allegedly lost as a result of the Hague-Rogers fraud. *Id*. ¶¶ 3, 27-28.

## III.   LEGAL STANDARD

### A.  Standard for Dismissal.

The purpose of a motion to dismiss for failure to state a claim is to "test the legal sufficiency of the complaint."  *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981).  In determining

---

[1] SunAmerica assumes the facts pled as true *only* for purposes of this Motion to Dismiss.  Nothing in SunAmerica's policy files supports Plaintiffs' allegations regarding the variable annuity contract # A394008416. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2009) (Noting that for purposes of a 12(b)(6) motion to dismiss facts in the complaint are assumed to be true).

the sufficiency of pleadings, all conclusory allegations in the complaint will be disregarded as they are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As a result, the nonconclusory factual allegations must give rise to a plausible claim for relief. *Iqbal*, 556 U.S. at 678. In order to withstand dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id*. A claim has "facial plausibility" when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" and "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A complaint will not suffice "if it tenders naked assertions devoid of further factual enhancement," and mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Id*.

### B.  Materials to Be Considered on a Motion to Dismiss.

Although a motion to dismiss pursuant to Rule 12(b)(6) can be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the court, *Woods v. Dugan*, 660 F.2d 379, 380 (8th Cir. 1981), this is not always the case. *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) (distinguishing *Woods* and stating "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion."). As the 8th Circuit has recently stated, "[i]n adjudicating Rule 12(b)

motions, courts are not strictly limited to the four corners of the complaint." *Dittmer Properties, L.P. v F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013). The Court went on to state:

> [w]hile courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment.

*Id* (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012).

In this case, the SunAmerica Variable Annuity Contract #A39A4008416 (the "Contract") is both referenced within the Complaint and is integral to Plaintiffs' claims. *See, e.g.*, Complaint ¶¶ 10, 13, 14. Thus, it may be properly considered by this Court in ruling on SunAmerica's Motion to Dismiss. (*See* Exhibit A). The Contract shows that on March 5, 2004, Plaintiff Janes Inc. filled out an application for a Seasons Select II Variable Annuity. *Id.* The application was received by SunAmerica on March 9, 2004, and the Season Select II Variable Annuity (the "Annuity"), certificate number A39A4008416 was issued to Janes, Inc. on the life of Loren Janes effective March 11, 2004. *Id.* On the Annuity application, Janes, Inc. confirmed that this product was suitable for its objectives and needs after consulting with *its registered representative*. *Id.* (*emphasis added*). The *registered representative* who signed the application was Moates, and Moates indicated on the application that he was affiliated with the broker-dealer American General Securities Incorporated ("AGSI"), which is not a named defendant in this case. *Id.* Such information is critical to the Court's determination as to whether Plaintiffs have stated a claim against SunAmerica.

Additional documents made a matter of public record and important to this Court's determinations are the attached FINRA broker check reports and Arkansas Insurance Department Producer Licenses Reports. (*See* Exhibit B and C). Such documents speak for themselves and

show that Moates was never a registered representative or licensed producer for SunAmerica, and at the time the alleged misrepresentations were made, that he was no longer a registered representative affiliated with any broker.  Finally, SunAmerica would request that this Court take judicial notice of the fact that neither SunAmerica nor AIG SunAmerica Life Assurance Company are now, nor have they ever been, registered broker-dealers or members of FINRA or its predecessor the NASD.[2]

## IV.   ARGUMENT

Plaintiffs fail to state a claim against SunAmerica that is plausible on the face of the Complaint, and thus the Complaint must be dismissed.  The common law and state securities law claims put forth by Plaintiffs are wholly lacking in substance, amounting to nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" of the type specifically noted as inadequate by the Supreme Court.  *Iqbal*, 556 U.S. at 678.  Likewise, Plaintiffs' SEA claims fail to offer anything more than "labels and conclusions" buttressed with "naked assertions" devoid of "further factual enhancement" *Id*.  Moreover, Plaintiffs are unable to plead, and provide facts to support, an essential element of their SEA claims.  Finally, Plaintiffs fail to plead reliable facts demonstrating that SunAmerica is responsible for the actions of Moates.  As such, Plaintiffs' Complaint should be dismissed.

**A.  Plaintiffs' Common Law Claims Must be Dismissed.**

Plaintiffs have failed to state a claim against SunAmerica under Arkansas common law, and as a result, any such claims should be dismissed.  In the Complaint, Plaintiffs merely contend that this is an action brought under "the common laws of the State of Arkansas."  *Id* at ¶ 3.  However, Plaintiffs make absolutely no attempt to indicate *what* common law causes of

---

[2] This can be confirmed by searching both company names through the FINRA broker check search tool located at http://brokercheck.finra.org/Search/Search.aspx

action they are pursuing, or any particular fact supporting the same. Such conclusory allegations fail to meet the pleading standards set forth by the Federal Rules of Civil Procedure which require "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Notably, Plaintiffs have not even bothered to provide a "formulaic recitation of the elements of a cause of action." *Id.* Accordingly, all of Plaintiffs' common law claims, whatever they may be, should be dismissed with prejudice under Rule 12(b)(6).

### B.  Plaintiffs' State Securities Claims Must be Dismissed.

For the same reasons that Plaintiffs' common law claims fail, so do their claims for alleged violations of state securities laws. Again, Plaintiffs have failed to plead *which* sections of the Arkansas Securities Act SunAmerica allegedly violated, or any facts supporting this contention. Rather, Plaintiffs merely conclude that:

> Defendants, and each of them, fraudulently and by means of deceptive and manipulative practices, and without the authority or knowledge of the Plaintiffs, transferred and converted Plaintiffs' securities, *in violation of the state securities laws* . . . .

*See* Comp. ¶ 27 (emphasis added).

The single conclusory statement that Defendants' actions "were in violation of the state securities laws" does not provide Defendants with notice as to *what claims* Plaintiffs are pursuing or the grounds upon which those claims rest as required by the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 555. While the Supreme Court has noted that to survive a motion to dismiss, a Complaint does not require "*detailed* factual allegations," it does need *some* factual allegations. *Iqbal*, 556 U.S. at 678 (*emphasis added*). Once again, Plaintiffs have offered

nothing more than "naked assertions" and "labels and conclusions," failing to even endeavor to provide the required "further factual enhancement." *Id.*

Furthermore, Plaintiffs cannot maintain a state securities act violation claim based on conduct relating to the Annuity because a variable annuity issued by an insurance company is not a "security" under the Arkansas Security Act. By statute, the term "security" "does not include any insurance or endowment policy or annuity contract or variable annuity contract issued by any insurance company." ARK. CODE. ANN. § 23-42-102 (West 2013). As Plaintiffs have failed to state a claim for relief under state securities laws for which relief can be granted, Plaintiffs' claims, whatever they may be, should be dismissed with prejudice under Rule 12(b)(6).

**C. Plaintiffs' SEA Claims Must be Dismissed.**

Finally, Plaintiffs' SEA claims against SunAmerica fail and must be dismissed. Plaintiffs have alleged violations of Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, as well as control person liability under Section 20(a). (Compl. ¶¶ 3, 6, 10, 20, 23). Section 10(b) provides that it shall be unlawful:

> To use or employ, *in connection with the purchase or sale of any security* registered on a national securities exchange or any security not so registered, or any securities-based swap agreement any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C.A. § 78j (West 2012) (*emphasis added*). Rule 10b-5 similarly states:

> It shall be unlawful for any person, directly or indirectly, by the use or any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

*In connection with the purchase or sale of a security.*

17 C.F.R. § 240.10b-5 (West 2013) (*emphasis added*).

In order to state a valid claim under Section 10(b) or Rule 10b-5, Plaintiffs must demonstrate (1) the misrepresentation or omission of a material fact, (2) scienter, (3) reliance (4) *in connection with the purchase or sale of a security*, (5) economic loss and damages, and (6) loss causation. *Dura Pharmaceuticals, Inc v. Broudo*, 544 U.S. 336, 341 (2005) (*emphasis added*).

The acts complained of in Plaintiff's complaint revolve around two separate transactions, neither of which impose liability on SunAmerica.  The first relates to a check in the amount of $85,600.00 (the "Check") Defendant Moates allegedly represented would be deposited in the Annuity, but was instead deposited with HR Administration, Inc., a company controlled by Hague-Rogers.  (Compl. ¶¶ 10-12).  The second transaction relates to the alleged fraudulent transfer (the "Transfer") of the entire balance of the Annuity in an amount equal to $157,078.30, to an account controlled by HR Administration Inc. and/or HR Financial Services, Inc.  (Compl. ¶¶ 13-20).  However, Plaintiffs have failed to plead facts sufficient to demonstrate one critical element of 10(b) or Rule 10b-5 claim, that such actions were made "in connection with the purchase or sale of a security," and have also failed to adequately plead the additional required elements for control person liability. As such, the Court should dismiss Plaintiffs' SEA Claims.

**1.   The Deposit of the Check in Another Account was Not Done "in Connection with the Purchase or Sale of a Security."**

Plaintiffs have not sufficiently pled that the alleged misrepresentations by Moates regarding the Check were made "in connection with the purchase or sale of a security."  Indeed, "[i]nvestors injured by fraud may recover under federal securities law only if the deceit caused them to purchase or sell a security."  *Anderson v. Aon Corp.*, 614 F.3d 361, 363 (7th Cir. 2010)

(citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731 (1975) (also discussing Congress' rejection of attempts to amend the wording of 10(b) to cover *attempts* to purchase or sell securities)(emphasis added)).   Although Plaintiffs state that "[t]he acts complained of herein involved the purchase and sale of "securities" within the meaning of Section 3(a)(10) of The Exchange Act," they fail to provide factual allegations to support this claim.   *See* Compl. ¶ 10. The Supreme Court has held that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."   *Papasan v. Allain*, 478 U.S. 265, 286 (1986).   The minimal facts, as alleged, clearly demonstrate that while Plaintiffs may have *intended* to purchase a security with the Check, the money was never deposited into the Annuity but instead was deposited with HR Administration, Inc., a corporation.   *See* Comp. ¶ 11.   Facts that show an *attempt* to purchase a security do not equate to a purchase of a security, and is therefore not covered under Section 10(b).   *Blue Chip*, 421 U.S. at 731.

Furthermore, the security at issue in this case, the Annuity, was "purchased" in 2004.   *See* Ex. A.   An additional premium payment to a previously purchased variable annuity would not constitute the "purchase" of a security.   *See generally* 15 U.S.C.A. § 78c(a)(13). Thus, Plaintiffs have failed to plead facts in support of this required element of a 10(b) or 10b-5 claim.

Plaintiffs have also failed to plead facts in support of the required causation elements. "When ruling on a motion to dismiss, [courts] look to whether the plaintiffs' allegations suffice to show the required causal connection between the defendant's wrongful conduct and the plaintiffs' losses."   *Schaff v Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Dura Pharmaceutical*, 544 U.S. at 347).   Here, "[i]n the securities context, this requirement means that the plaintiff must adequately plead both 'transaction causation' and 'loss causation.'" *Id*. (citing *Harris v. Union Elec. Co.*, 787 F.2d 355, 367).   "To plead transaction causation, the

plaintiff must show that the defendant's fraud induced the plaintiff to purchase the security." *Id.* As indicated above, Plaintiffs have failed to plead facts supporting the claim that Moates' alleged misrepresentations caused them to purchase a security; therefore, Plaintiffs have not adequately pled transaction causation in the security context. Accordingly, Plaintiffs' claim must be dismissed.

### 2. The Alleged Transfer from the Annuity to Another Account was Not Done "in Connection with the Purchase or Sale of a Security."

Regarding the alleged fraudulent transfer of approximately $157,000.00 from the Annuity to HR Administrators, Inc. and /or HR Financial Services, Inc., Plaintiffs again fail to allege facts showing this was done "in connection with the purchase or sale of a security," as required by Rule 10b-5. Although a variable annuity is a "security" under federal law, Plaintiffs have not alleged that the SunAmerica Annuity was actually sold, nor have they alleged that any securities within the Annuity were sold. All Plaintiffs have alleged is that the balance of the funds held by Defendant AIG Sun America Life Assurance Company were withdrawn on or about March 24, 2011 and transferred to an account controlled by HR Administrators, Inc. and /or HR Financial Services, Inc. This type of transaction is akin to the hypothetical proposed by the court in *S.E.C. v. Zandford*, which the court indicated would fall outside of a 10(b) claim where, "after a lawful transaction had been consummated [the purchase of the Annuity], a broker decided to steal the proceeds and did so." *S.E.C. v. Zandford*, 535 U.S. 813, 820. The Court in *Zanford* stated that, if for example "a broker embezzle[d] cash from a client's account . . . then the fraud would not include the requisite connection to the purchase or sale of securities." *Zanford*, 535 U.S. 813, 825 n. 4. As those appear to be the contentions of Plaintiffs based on the allegations in the Complaint, Plaintiffs have failed to adequately plead this essential element of a 10b or 10b-5 claim, and as such, the claim should be dismissed

### 3.  Plaintiffs' Have Failed to State a Claim based on Control Person Liability.

Likewise, Plaintiffs have failed to plead facts indicating that SunAmerica, as a "controlling person," is liable for the actions of Moates.  (Compl. ¶¶6, 23).  The Eighth Circuit has held that the standard of proof for control person liability is a three prong test requiring "(1) that a 'primary violator' violated the federal securities laws; (2) that 'the alleged control person actually exercised control over the general operations of the primary violator'; and (3) that 'the alleged control person possessed—but did not necessarily exercise—the power to determine the specific acts or omissions upon which the underlying violation is predicated.'"  *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (quoting *Farley v. Henson*, 11 F.3d 827, 835 (8th Cir. 1993).  Plaintiffs have not adequately pled facts to support any of these elements and therefore their claim should be dismissed.

The first element required for control person liability is a showing that there was a primary violation of federal securities law by the "controlled person."  *Id*.  As explained above, Plaintiffs have failed to adequately plead multiple elements required for 10b and Rule 10b-5 violations, including causation and that the alleged acts were committed "in connection with the purchase or sale of a security."  This failure to properly plead a primary violation of federal securities law is fatal to Plaintiffs' claims for control person liability.

Plaintiffs have likewise failed to adequately plead the second two elements for a claim based on control person liability. Rather than pleading *facts* to support these two elements as required by the Federal Rules of Civil Procedure, Plaintiffs resort to baseless and conclusory allegations that SunAmerica is a broker-dealer and member of the NASD, and that Moates is an agent, employee or registered representative of SunAmerica, whom SunAmerica must supervise. *See* Comp. ¶¶ 9, 21-23, 26.  Yet, as is publicly available information, at no time has SunAmerica

ever been a member of FINRA or its predecessor organization, the NASD.[3]   As such, SunAmerica is not subject to the rules of "member organizations" as Plaintiffs allege.  *Id* at ¶ 26.

Moreover, Moates was not an employee, registered representative or licensed producer for SunAmerica.  *See* Exs. B & C.  As reflected on the Annuity application, at the time that the Annuity was sold, Moates was not a registered representative of SunAmerica.  *See* Exs. A & B.  Additionally, Plaintiffs have alleged no facts to support an allegation that SunAmerica "actually exercised control over the general operations" of Moates or that SunAmerica "possessed the power to determine the specific acts or omissions upon which the underlying violation is predicated."  *Lustgraaf*, 619 F.3d at 873.   Indeed, the facts show that Moates was Plaintiffs' representative.  *See* Ex. A ("After consulting with *my* registered representative and reviewing the prospectuses, I confirm that this variable annuity is suitable and meets my objectives and needs.").  Based on the foregoing, Plaintiffs' control person claim against SunAmerica should be dismissed.

### D.  Plaintiffs Should not be Permitted Leave to Amend.

To the extent Plaintiffs request this Court to permit them leave to amend their Complaint to correct the numerous deficiencies, such request should be denied as any such amendment would be futile.  *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  As detailed above, Plaintiffs are unable to allege any conceivable set of facts allowing for recovery from SunAmerica on their federal or state law claims based on the actions complained of.  Upon granting a motion to dismiss, a court need not permit the plaintiff to file an amended claim where "no cause of action can be stated against the defendants and . . . a dismissal with leave to amend would serve no useful purpose."  *Wright v. Anthony*, 733 F.2d 575, 577 (8th Cir. 1984).

---

[3] *See* note 1, *supra*.

Accordingly, Plaintiffs' Complaint must be dismissed under Rule 12(b)(6) without leave to amend.

## V.   CONCLUSION

WHEREFORE, Defendant SunAmerica Annuity and Life Assurance Company f/k/a AIG SunAmerica Life Assurance Company requests this Court to dismiss the claims asserted against it in Plaintiff's Complaint [doc. no. 1], and for any other or additional relief the Court deems just and proper.

Respectfully submitted,

_____/s/ Troy A. Price_____
Troy A. Price
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock Arkansas 72201-3699
Telephone: (501) 371-0808
Facsimile: (501) 376-9442
tpice@wlj.com

Of Counsel:
Thomas F.A. Hetherington*
tom.hetherington@emhllp.com
Blaire A. Bruns*
blaire.bruns@emhllp.com
EDISON, MCDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas  77027
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
 *admission pending

*Attorneys for Defendant SunAmerica Annuity and Life Assurance Company f/k/a AIG SunAmerica Life Assurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed with the Court's CM/ECF system on April 9, 2013, which should have generated and delivered electronic notice of filing to all counsel of record.

                /s/ Troy A. Price                         
Troy A. Price