US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 12 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DIVISION
FORT SMITH DISTRICT

| | |
|---|---|
| JANES, INC. and<br>LOREN JANES | PLAINTIFFS |
| vs.        Case No. 13-2049 | |
| WILLIAM J. MOATES;<br>SUNAMERICA ASSET MANAGEMENT CORP.<br>f/k/a AIG SUNAMERICA ASSET MGT. CORP;<br>SUNAMERICA CAPITAL SERVICES, INC. f/k/a<br>AIG SUNAMERICA CAPITAL SERVICES, INC.; and<br>NATIONAL PLANNING CORPORATION | DEFENDANTS |

## AMENDED COMPLAINT

Comes now the Plaintiffs, Janes, Inc. and Loren Janes, by and through their attorney, Joe D. Byars, Jr., of Byars, Hickey & Hall, P.L.L.C., and for their Amended Complaint against the Defendants William J. Moates, SunAmerica Asset Management Corp. ("SAAMCo.") f/k/a SunAmerica Asset Mgt. Corp.; SunAmerica Capital Services, Inc., f/k/a AIG SunAmerica Capital Services, Inc., and National Planning Corporation, and state and allege as follows:

1.   Plaintiff, Loren Janes, is an individual and citizen of the United States and is a resident of the State of Arkansas, who resides in the Fort Smith District of the Western District of Arkansas.

2.   Plaintiff, Janes, Inc., is a corporation doing business within Fort Smith, Sebastian County, Arkansas.

3.   This is an action for damages brought under the provisions of Section 10(b) of the Securities Exchange Act of 1934, as amended (the Exchange Act)(15 U.S.C. §78j(b) and Rule 10(b)-

5 promulgated under The Act)(17 C.F.R. §240.10b-5), and the common laws of the State of Arkansas (for negligence, conversion, and respondeat superior liability).

4. Jurisdiction of this court is conferred by Section 27 of The Exchange Act (15 U.S.C. §78aa). The acts or omissions complained of occurred or were transacted, in part, within Fort Smith, Sebastian County, Arkansas.

5. Defendant, William J. Moates, was an individual agent authorized to act on behalf of SunAmerica Asset Management Corp.; and/or SunAmerica Capital Services, Inc. (Collectively, "SunAmerica"); and/or National Planning Corporation whose conduct was within the course and scope of his employment and/or actual or apparent authority with SunAmerica and/or National Planning Corporation. William J. Moates is an individual residing within Sebastian County, Arkansas who has answered and appeared herein, who may be served with Summons and this Amended Complaint by and through his counsel of record, Gunner DeLay.

6. Defendant, SunAmerica Asset Management Corp. ("SAAMCo.") is a corporation doing business within the State of Arkansas, and specifically doing business within the Western District of Arkansas. SAAMCo may be served with Summons and Complaint by serving its president or authorized officer at its regular place of business, 21650 Oxnard Street, Suite 750, Woodland Hills, CA 91367-4991. SAAMCo. is a broker-dealer or a "controlling person" as defined by 15 USC §78t.

7. SunAmerica Capital Services, Inc. (hereinafter "SunAmerica Capital") was formerly known as AIG SunAmerica Capital Services, Inc. and while it was doing business in Arkansas at all material times, it has failed to maintain a registered agent for service in Arkansas, so it may be served with Summons and Complaint by serving its president, James Nichols, or other authorized

officer at its regular place of business at 21650 Oxnard Street, Suite 750, Woodland Hills, CA 91367-4997.

8. National Planning Corporation is a foreign corporation, authorized to do business in Arkansas, which may be served with Summons and Complaint by serving its registered agent for service of process, Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

9. All times material to the allegations contained in this Complaint, William J. Moates was acting within the course and scope of his employment or acting with the actual or apparent authority of the Defendant SAAMCo.; SunAmerica Capital; and National Planning Corporation ("NPC"), which permitted William J. Moates to act as their agent, clothed with full authority to perform all transactions complained of in this Complaint.

10. At all times material to the allegations contained in this Complaint, Defendant, William J. Moates, was in the employ of or under the control of the Defendants, SAAMCo., SunAmerica Capital and NPC as a securities sales person, or registered representative.

11. The acts complained of herein involved the purchase and sale of "securities" within the meaning of Section 3(a)(10) of The Exchange Act (15 U.S.C. §78c(a)(10)) and were done by use of the United States mail and by use of the means and instrumentalities of interstate commerce, some of which acts took place in the Western District of Arkansas, including, but not limited to, the following:

    A. Defendant, William J. Moates, personally visited with Loren Janes, the authorized representative of Janes, Inc., within the Fort Smith District of the Western District of Arkansas and induced the Plaintiffs, Loren Janes and Janes, Inc., to invest in securities which was issued by SAAMCo. and/or SunAmerica Capital as a 401(k)

3

and/or mutual fund/money market account, which account had an account number of 9314932.

B. On or about December 29, 2010, William J. Moates, while acting for himself and his employer NPC, induced Loren Janes, on behalf of Janes, Inc., to issue a check in the amount of $85,600.00 made payable to the Janes, Inc. Defined Benefit Plan, which Moates described as an additional contribution to the existing account (9314932) which Janes, Inc., and Loren Janes held with SAAMCo. an/dor SunAmerica Capital.

C. William J. Moates, on behalf of himself and NPC, represented to Loren Janes and Janes, Inc., that such funds would be deposited into the existing account which Janes, Inc. had with SAAMCo. and/or SunAmerica Capital, described above.

12. Contrary to the express representation by William J. Moates that such funds in the amount of $85,600.00 would be deposited into the "SunAmerica account," Moates and/or NPC and/or SAAMCo. and/or SunAmerica Capital caused the funds to be transferred to HR Administration, Inc., and/or HR Financial Services, Inc., corporations owned and/or operated and/or controlled by Robert Hague-Rogers ("Hague-Rogers").

13. On information and belief, the Defendants, and all of them, knew, or should have known, that Robert Hague-Rogers, HR Administration, Inc., and HR Financial Services, Inc. were untrustworthy, and that the deposit of such funds of Janes, Inc. was at a high risk of loss. Defendants failed to advise Plaintiffs or provide sufficient information to Plaintiffs on HR Administration, Inc. and/or HR Financial Services, Inc. and/or Robert Hague Rogers.

14. At all times relevant to the allegations contained in this Complaint, the Defendants, William J. Moates, NPC, and Defendants SAAMCo. and SunAmerica Capital knew or should have known, that the Plaintiffs' investment needs and objectives were to hold the funds in question in the

existing 401(k) account which Janes, Inc., had with SunAmerica, which funds were not to be transferred or sold without the express written consent of the Plaintiffs, Loren Janes and/or Janes, Inc. Contrary to the specific direction of Loren Janes and Janes, Inc. for the funds to be held in accordance with the terms of the account number 9314932 issued by SAAMCo. and/or SunAmerica Capital, William J. Moates and his employer, NPC, with the cooperation and assistance of SAAMCo. and SunAmerica Capital, caused the entire balance of the funds held by Separate Defendants, SAAMCo. and/or SunAmerica Capital, to be withdrawn on or about March 24, 2011, by virtue of a "redemption check" issued by Sun America Money Market, check #609524, account #9314932, under dealer # "1012", in an amount equal to $157,078.30. On information and belief, William J. Moates, acting for himself, and within the course and scope of his employment with NPC, and with the cooperation and assistance of SAAMCo. and SunAmerica Capital, caused such sum to be withdrawn and transferred to an account entitled "Janes, Inc. Defined Benefit Pension Plan and Trust" controlled by HR Administration, Inc. and/or HR Financial Services, Inc., operated by Hague-Rogers, unbeknownst to Janes, Inc. and/or Loren Janes.

15. Separate Defendants, SAAMCo. and SunAmerica Capital knew, or should have known, that the entire account balance in the amount of $157,078.30 was withdrawn from the account held by Janes, Inc., yet failed to notify Janes, Inc. and/or Loren Janes of the complete withdrawal of the funds which were held pursuant to the terms of the 401(k) account number 9314932.

16. SAAMCo. and SunAmerica Capital permitted and facilitated the transfer of the proceeds of the account without taking reasonable precautions under the circumstances to obtain and/or verify the identity and authority of the person causing the transfer of funds, which was done without the knowledge or consent of Janes, Inc. and/or Loren Janes.

17.     SAAMCo. and/or SunAmerica Capital owed a duty of ordinary care to Loren Janes and/or Janes, Inc., which included the duty to verify the authority to transfer funds prior to allowing the transfer or withdrawal of the same. Defendants breached their duty of care, resulting in damages to Plaintiffs.

18.     The actions of William J. Moates and Separate Defendants, SAAMCo. and SunAmerica Capital (by and through Moates/NPC), were performed without the knowledge or consent of the Plaintiffs, Janes, Inc. and/or Loren Janes, who believed, until approximately June of 2012, that the funds were held in the account with Sun America, described hereinabove.

19.     Defendant, Moates, in furtherance of a scheme to conceal his fraudulent conduct, caused a written memo to be issued to Janes, Inc. reflecting a deposit of the funds with HR Administrators, Inc. in a checking account at Chase Bank in Dallas, Texas.

20.     As of approximately May of 2012, Janes, Inc. and Loren Janes were completely unaware of any movement or transactions involving the Janes, Inc. account with Sun America under account #9314932, or any other account with Sun America.

21.     Loren Janes and/or Janes, Inc. did not authorize, in any way, the Defendants to "move" or "close" any account Janes, Inc. and/or Loren Janes had with Defendant SunAmerica.

22.     The Defendants, and each of them, wrongfully and fraudulently assumed control over the securities in Plaintiffs' account with Sun America and wrongfully and without Plaintiffs' knowledge fraudulently, maliciously, and deceptively transferred Plaintiffs' account into an account which Defendants knew, or should have known, was an account of extremely high risk of loss and was made without due diligence inquiry and made in complete and total disregard for the financial and investment needs and objectives of the Plaintiffs.

23.     Alternatively, the Defendants, and each of them, owed a duty to Plaintiffs to obtain informed consent from the Plaintiffs prior to moving or transferring any funds belonging to the Plaintiffs, and failed to obtain such consent, and caused the funds to be diverted or transferred to highly risky investment with HR Administration, Inc., or another entity owned or controlled by Hague-Rogers. This caused Plaintiffs to lose the bulk of the value of the investment, and constitutes actionable negligence and/or conversion of funds.

24.     The acts, misrepresentations of material fact and omissions to state other material facts and the course of conduct by Defendants constituted manipulative and deceptive devices or contrivances, in violation of Section 10(b) of The Securities Exchange Act of 1934 (15 U.S.C. §78j(b)) and Rule 10(b)-5 (17 C.F.R. §240.10b-5), promulgated under The Securities Exchange Act.

25.     Moates, as an authorized agent of NPC and/or Defendants SAAMCo. and SunAmerica Capital, made statements to the Plaintiffs which contained misrepresentations of material facts which were false and misleading (that the funds invested by Plaintiffs would be held in the existing account with SunAmerica), and the Defendant, William J. Moates, in the course and scope of his employment with NPC and/or authority provided by SAAMCo. and/or SunAmerica Capital omitted to state other material facts (that the funds would actually be transferred to entities controlled by Hague-Rogers), and the acts and statements by Defendant, Moates, on behalf of Defendants, constitute a course of conduct that operated as a fraud and deceit upon the Plaintiffs, Janes, Inc. and Loren Janes.

26.     All of the acts of the Defendant, William J. Moates, alleged in this Complaint, were within the course and scope of his employment with NPC, and/or was performed with the actual or apparent authority of SAAMCo. and SunAmerica Capital, and within the usual course of business of Defendants. Moreover, the Defendants knew of, or had reasonable grounds to know, or should

7

have known, of such acts, misrepresentations, and omissions in the course of conduct of William J. Moates in the exercise of a reasonable system of internal supervision of its securities sales people and supervision of accounts intrusted to NPC and/or SAAMCo. and/or SunAmerica Capital.

27. Defendants, NPC and/or SAAMCo. and/or SunAmerica Capital, in the exercise of a proper system of internal supervision and oversight knew, or had reasonable grounds to know or should have known, of the above-mentioned fraudulent acts and statements by Defendant Moates, and at all times material to the allegations contained in this Complaint, said Defendants failed to maintain and enforce a proper system of internal supervision, in violation of its duty as a control person under Section 20 of The Securities Exchange Act (15 U.S.C. §78t).

28. On or about July or August of 2012, Loren Janes attempted to retrieve the funds which were wrongfully transferred and converted by Defendants, but was informed that substantially all of the proceeds of the funds which were held and entrusted to the Defendants under account number 9314932 had been lost or is missing. Mr. Janes subsequently was advised that Robert Hague-Rogers defrauded various investors and that Loren Janes was identified as a victim of such fraud, which was facilitated by William J. Moates and the Defendants named herein. Had the Defendants, and any of them, promptly notified Loren Janes and/or Janes, Inc. of the transfer of the funds as of the time the transfer was made, the damages would not have occurred. Had the Defendants, and any of them, taken reasonable and ordinary precautions to verify the authorization of the transfer of funds, the transfer of funds would not have occurred, and would not have been authorized or approved by Plaintiffs.

29. Accordingly, as a result of the above-described acts, misrepresentations, negligence, omissions, and fraudulent course of conduct of the Defendants, the Plaintiffs, Loren Janes and Janes, Inc., have sustained damages, in that Plaintiffs' account, which was held under account number

9314932 with SunAmerica, in addition to the additional sum and amount of $85,600.00, were almost entirely lost and depleted as a result of Defendants' actions and omissions.

30. The Defendants, and each of them, in handling the Plaintiffs' account and funds provided for the purpose of deposit into such account, violated the rules promulgated pursuant to The Securities Exchange Act which provide that "every member organization must use due diligence to learn the essential facts relative to every customer and supervise diligently all accounts handled by registered representatives or their organization", and further omitted to internally control, through effective control measures, to supervise and monitor the status of Plaintiffs' account by keeping the Plaintiff and a supervising manager personally informed as to the essential facts relative to the customer in accordance with the rules of the The Securities Exchange Act. Separate Defendants violated the rules of fair practice in not providing sufficient control and supervision over the activities of its registered representatives, in order to assure compliance with the applicable securities laws, rules, regulations and statements of policies promulgated under those laws; therefore, Defendants did not comply with the rules of the FINRA.

31. Defendants, and each of them, fraudulently and by means of deceptive and manipulative practices, and without the authority or knowledge of the Plaintiffs, transferred and converted Plaintiffs' securities, in violation of the state securities laws and The Securities Exchange Act (15 U.S.C. §78c(1)).

32. Defendants, and each of them, used means and instrumentalities of interstate commerce and the United States mail in effecting their manipulative, deceptive, and fraudulent practices, through misrepresentations, concealments, and omissions, and all in violation of Section 10b of The Securities Exchange Act of 1934 (15 U.S.C. §78j(b) and Rule 10b-5, 17 C.F.R. §240.10b-5).

WHEREFORE, premises considered, the Plaintiffs, Janes, Inc. and Loren Janes, respectfully request that summons be issued and served upon William J. Moates, National Planning Corporation, SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc., f/k/a AIG SunAmerica Capital Services, Inc., and that such Defendants be cited to appear and answer herein, and upon trial by jury or other trial or hearing by the finder of fact, find that the Defendants, William J. Moates, National Planning Corporation, SunAmerica Asset Management Corp., SunAmerica Capital Services, Inc., f/k/a AIG SunAmerica Capital Services, Inc, jointly and severally liable for the losses incurred by the Plaintiffs by virtue of the loss of the fraudulently transferred funds from the account known as 9314932 with SunAmerica, and for the sum and amount of $85,600.00 which was represented to have been deposited and placed into such account; and that all such Defendants be jointly and severally liable for all of Plaintiffs' damages, attorney's fees, and cost of court; and for such other and further relief to which the Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

JANES, INC. and LOREN JANES, *Plaintiff's*

BYARS, HICKEY & HALL, P.L.L.C.
Attorneys at Law
401 Lexington Avenue
Fort Smith, Arkansas 72901
Tel. 479-494-1800
Fax 479-783-0694
jbyars@bhhfirm.com

By: /s/ Joe D. Byars, Jr.
Joe D. Byars, Jr.
AR Bar #95107

CERTIFICATE OF SERVICE

  I, Joe D. Byars, Jr., do hereby certify on this 12th day of June, 2013, that a true and correct copy of the above and foregoing Amended Complaint was filed in person with the Clerk of the Court. The Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Mr. Troy Price<br>WRIGHT, LINDSEY & JENNINGS, LLP<br>200 West Capitol Avenue, Suite 2300<br>Little Rock, AR 72201-3699<br>tprice@wlj.com | Mr. Gunner DeLay<br>Attorney at Law<br>4300 Rogers Avenue, Suite 24<br>Fort Smith, AR 72903<br>gunner@delaylaw.net |

Thomas F.A. Hetherington
Blair Bruns
EDISON, McDOWELL & HETHERINGTON, LLP
3200 Southwest Freeway, Suite 2100
Houston, TX 77027
tom.hetherington@emhllp.com
blaire.bruns@emhllp.com

_____<br>
JOE D. BYARS, JR.