**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DIVISION OF ARKANSAS**
**FORT SMITH DISTRICT**

**JANES, INC. and**
**LOREN JANES**                                                        **PLAINTIFFS**

**VS.**                              **Case No. 13-2049**

**WILLIAM J MOATES;**
**SUN AMERICA ASSET MANAGEMENT CORP.**
**f/k/a AIG SUN AMERICA ASSET MGT. CORP;**
**SUNAMERICA CAPITAL SERVICES, INC.**
**f/k/a AIG SUNAMERICA CAPITAL SERVICES, INC.;**
**and NATIONAL PLANNING CORPORATION**                    **DEFENDANTS**

**DEFENDANT SUNAMERICA ASSET MANAGEMENT CORP.**
**F/K/A AIG SUNAMERICA ASSET MANAGEMENT CORP**
**AND SUN AMERICA CAPITAL SERVICES, INC.**
**F/K/A AIG SUNAMERICA CAPITAL SERVICES, INC.'S**
**MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants SunAmerica Asset Management Corp. f/k/a AIG SunAmerica Asset

Management Corp. and SunAmerica Capital Services, Inc. f/k/a AIG SunAmerica Capital

Services, Inc. (collectively the "SunAmerica Defendants") hereby file this Memorandum in

Support of their Motion to Dismiss Plaintiffs' Amended Complaint [doc. no. 21] as follows:

## I.   INTRODUCTION

Despite a second bite at the apple, Plaintiffs have yet again failed to state a claim against

the SunAmerica Defendants that is plausible on the face of the complaint.  Indeed, since the

filing of the prior motion to dismiss, Plaintiffs have done little more than substitute new

defendants and the alleged financial product at issue.[1] Plaintiffs' claims are still woefully

deficient, and lack a basis supported by state or federal law to state a claim against the

---

[1] Plaintiffs' prior complaint was filed against two different SunAmerica entities and complained of actions purportedly taken with regards to a SunAmerica annuity.  [doc. no. 1].  Plaintiffs have since changed their story to involve a purported 401k account allegedly administered by the SunAmerica Defendants.

SunAmerica Defendants.  As such, Plaintiffs' claims against the SunAmerica Defendants should be dismissed.

## II.   <u>FACTS</u>[2]

The crux of Plaintiffs' Complaint is two-part:  First, Plaintiffs allege that Moates, an employee of National Planning Corporation ("NPC"), acting on behalf of "himself and NPC, induced Loren Janes on behalf of Janes, Inc. to issue a check in the amount of $85,600.00 ("Check") by misrepresenting that the money would be deposited into their preexisting SunAmerica 401(k) account # 9314932 (the "SunAmerica Account").  *See* Compl. ¶ 11. According to Plaintiffs, Moates instead diverted the money to HR Administration, Inc., and/or HR Financial Services, Inc., corporations allegedly owned, operated and/or controlled by Robert Hague-Rogers ("Hague-Rogers").  Such money was purportedly later lost due to fraudulent actions of Hague-Rogers. *Id* at ¶¶ 11-12 and 28.

Second, Plaintiffs claim that Moates caused the entire balance of the SunAmerica Account ($157,078.30) to be withdrawn and transferred to an account controlled by HR Administration, Inc. and/or HR Financial Services, Inc., that was also purportedly lost due to fraud perpetuated by Hague-Rogers.  *Id*. ¶ 28.  Plaintiffs now assert federal and state securities act violation claims, as well as state common law claims, against both Moates and the SunAmerica Defendants seeking to hold them responsible for the lost funds.  *Id*. ¶¶ 3 and 31-32.

## III.   <u>LEGAL STANDARD</u>

### A.  Standard for Dismissal.

The purpose of a motion to dismiss for failure to state a claim is to "test the legal sufficiency of the complaint."  *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981).  In determining

---

[2] SunAmerica assumes the facts pled as true *only* for purposes of this Motion to Dismiss.  *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2009) (Noting that for purposes of a 12(b)(6) motion to dismiss facts in the complaint are assumed to be true).

the sufficiency of pleadings, all conclusory allegations in the complaint will be disregarded as they are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As a result, the nonconclusory factual allegations must give rise to a plausible claim for relief. *Iqbal*, 556 U.S. at 678. In order to withstand dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id*. A claim has "facial plausibility" when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" and "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A complaint will not suffice "if it tenders naked assertions devoid of further factual enhancement," and mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Id*.

**B.  Materials to Be Considered on a Motion to Dismiss.**

Although a motion to dismiss pursuant to Rule 12(b)(6) can be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the court, *Woods v. Dugan*, 660 F.2d 379, 380 (8th Cir. 1981), this is not always the case. *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) (distinguishing *Woods* and stating "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion."). As the 8th Circuit has recently stated, "[i]n adjudicating Rule 12(b)

motions, courts are not strictly limited to the four corners of the complaint." *Dittmer Properties, L.P. v F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013). The Court went on to state:

> [w]hile courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment.

*Id* (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012).

The attached FINRA broker check reports and Arkansas Insurance Department Producer Licenses Reports are a matter of public record and are important to this Court's determination. (*See* Exhibits A and B). Such documents speak for themselves and show that Moates was never a registered representative or licensed producer for the SunAmerica Defendants, and at the time the alleged misrepresentations were made, that he was no longer a registered representative affiliated with any broker. The SunAmerica Defendants would also request that this Court take judicial notice of the fact that SunAmerica Asset Management Corp. is not now, nor has it ever been, a registered broker-dealer or member of FINRA or its predecessor the NASD.[3]

## IV.   ARGUMENT

Plaintiffs fail to state a claim against the SunAmerica Defendants that is plausible on the face of the Amended Complaint, and thus the complaint must be dismissed. The common law and state securities law claims alleged` by Plaintiffs are wholly lacking in legal and factual support, amounting to nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" of the type specifically noted as inadequate by the Supreme Court. *Iqbal*, 556 U.S. at 678. Likewise, Plaintiffs' SEA claims fail to offer anything more than "labels and conclusions" buttressed with "naked assertions" devoid of "further factual enhancement" *Id*.

---

[3] This can be confirmed by searching the company name through the FINRA broker check search tool located at http://brokercheck.finra.org/Search/Search.aspx

Moreover, Plaintiffs are unable to plead, and provide facts to support, an essential element of their SEA claims.  Finally, Plaintiffs fail to plead facts demonstrating that the SunAmerica Defendants are responsible for the actions of Moates through a theory of common law agency and/or control person liability.  As such, Plaintiffs' Amended Complaint should be dismissed.

### A.  Plaintiffs' Common Law Claims Must be Dismissed.

In the Amended Complaint, Plaintiffs merely contend that this is an action brought under "the common laws of the State of Arkansas" and then in parenthesis list "negligence, conversion, and respondeat superior."  *See* Compl. ¶ 3.  However, Plaintiffs fail to allege facts indicating how the SunAmerica Defendants were negligent with regard to the actions taken by Moates and/or Hague-Rogers, how the SunAmerica Defendants converted Plaintiffs' money that was ultimately lost by a third party, and/or how the SunAmerica Defendants are liable to Plaintiffs under a theory of respondeat superior when Moates was never their employee.  As such, Plaintiffs' common law claims should be dismissed.

### 1.  Plaintiffs have Failed to Plead a Claim Against The SunAmerica Defendants for Negligence.

In order to show negligence, a plaintiff must demonstrate "a failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them."  *Marlar v. Daniel*, 247 S.W.3d 473, 476 (Ark. 2007) (citing *Shannon v. Wilson*, 947 S.W.2d 349 (Ark. 1997).  "The question of what duty, if any, is owed a plaintiff alleging negligence is always a question of law . . . ."  *Id.*  Plaintiffs conclude that the SunAmerica Defendants owed a duty to Plaintiffs to obtain informed consent and verify the authority to transfer funds from the Plaintiffs prior to moving or transferring any funds.  Comp. ¶¶ 17 and 23. However, noticeably lacking from the Amended Complaint is support under

Arkansas common law imposing such a duty on the SunAmerica Defendants.  Indeed, no such common law duties exist, requiring dismissal of Plaintiffs' negligence claim.

### 2. Plaintiffs have Failed to Plead a Claim Against The SunAmerica Defendants for Conversion.

Plaintiffs further claim that the SunAmerica Defendants' failure to perform the aforementioned "duties" constitutes conversion.  *Id.*  Conversion under Arkansas law requires a plaintiff to prove that the defendant "wrongfully committed a distinct act of dominion over the property of another, which is a denial of or is inconsistent with the owners' rights."  *McQuillan v. Mercedes-Benz Credit Corp.*, 961 S.W.2d 729, 732 (Ark. 1998).  Here, first, Plaintiffs have failed to allege facts to support a claim that the SunAmerica Defendants exercised "dominion" over the Check.  *Id* at ¶¶ 11-12.  All Plaintiffs have alleged is that Moates, acting for himself and NPC, represented that the Check would be deposited into the SunAmerica Account, but failed to do so.  *Id.*  Indeed the Amended Complaint makes clear that the SunAmerica Defendants never had any dominion over the Check as it never reached the SunAmerica Account.

Likewise, with regards to the transfer of the account balance of $157,078.30, Plaintiffs have not alleged facts to support a showing that the SunAmerica Defendants wrongfully committed an act of "dominion" over these funds that was inconsistent with Plaintiffs' rights.  *McQuillan*, 961 S.W.2d at 732.  Rather, Plaintiffs merely allege that the SunAmerica Defendants should have known the Hague-Rogers entities were untrustworthy, should have known that what the Plaintiffs' investment needs and objectives were, and should have verified the identity and authority of the person causing the transfer of funds.  *See* Compl. ¶¶ 14-17.  Rather than indicating "dominion" over the funds, these conclusory allegations again imply some unsupported legal duty owed by the SunAmerica Defendants.  *McQuillan*, 961 S.W.2d at 732.

Without pleading facts that indicate that SunAmerica asserted dominion over Plaintiffs' funds, Plaintiffs' conversion claim must be dismissed.

### 3.   Plaintiffs have Failed to Plead a Claim Against The SunAmerica Defendants for Respondeat Superior.

Finally, Plaintiffs' claim for respondeat superior fails as Moates was not an employee of the SunAmerica Defendants.  *See generally* Compl. ¶¶ 1-32.  Respondeat superior is a doctrine that allows an *employer* to be held vicariously liable for the tortious conduct of an *employee* if the evidence shows that such conduct was committed while the employee was acting with the scope of employment.  *See Jackson v. Ivory*, 120 S.W.3d 587, 598 (Ark. 2003) (emphasis added).   While Plaintiffs at times vaguely assert that Moates was an employee of the SunAmerica Defendants, Plaintiffs later clarify that Moates was in fact an employee of NPC.  *Id* at ¶¶ 11, 14 and 25-26.  In addition, the attached FINRA broker check reports and Arkansas Insurance Department Producer Licenses Reports clearly illustrate that Moates was not an employee of the SunAmerica Defendants.  (*See* Exhibits A and B).

Even if Moates was an employee of the SunAmerica Defendants, which he was not, an employer can only be held responsible for the acts of an employee if the acts complained of were committed while the employee was acting within the scope of employment.  *Jackson*, 120 S.W.3d at 598.  The test for whether an employee is acting within the scope of employment is whether the employee is carrying out the "object and purpose of the enterprise" or acting in his own interest.  *Cooper Clinic, P.A. v. Barnes*, 237 S.W.3d 87, 92-93 (2006) (quoting *Porter v. Harshfield*, 948 S.W.2d 83, 86 (1997)).  In other words, a principal can only be held liable for the intentional torts of its agent where the agent is acting for the benefit of the principal.  *Id* at 93.

Here, Plaintiffs have failed to plead any set of facts demonstrating that Moates' alleged fraudulent actions were for the benefit of the SunAmerica Defendants.  Plaintiffs complain that

Moates allegedly misrepresented to them that the Check would be deposited in the SunAmerica Account, which it was not, and later fraudulently transferred the remaining balance of the SunAmerica Account to Hague-Rogers.  *See* Compl. ¶¶ 11-12.  As can be seen on the face of the Amended Complaint, such actions in no way benefited SunAmerica as Moates was failing to deposit in, and/or withdrawing money from, the SunAmerica Account.  As such, the SunAmerica Defendants are not responsible for the actions of Moates under a theory of respondeat superior.

### B.  Plaintiffs' State Securities Claims Must be Dismissed.

As with their common law claims, Plaintiffs' claims for violations of state securities laws fail and must be dismissed.  Specifically, Plaintiffs have failed to plead *which* sections of the Arkansas Securities Act the SunAmerica Defendants allegedly violated, or any facts supporting this contention.  Rather, Plaintiffs merely conclude that:

> Defendants, and each of them, fraudulently and by means of deceptive and manipulative practices, and without the authority or knowledge of the Plaintiffs, transferred and converted Plaintiffs' securities, *in violation of the state securities laws* . . . .

*See* Comp. ¶ 31 (emphasis added).

The single conclusory statement that the SunAmerica Defendants' actions "were in violation of the state securities laws" does not provide the SunAmerica Defendants with notice as to *what claims* Plaintiffs are pursuing or the grounds upon which those claims rest as required by the Federal Rules of Civil Procedure.  *Twombly*, 550 U.S. at 555.  While the Supreme Court has noted that to survive a motion to dismiss, a Complaint does not require "*detailed* factual allegations," it does need *some* factual allegations.  *Iqbal*, 556 U.S. at 678 (*emphasis added*).  Once again, Plaintiffs have offered nothing more than "naked assertions" and "labels and conclusions," failing to even endeavor to provide the required "further factual enhancement."  *Id.*

As Plaintiffs have failed to state a claim for relief under state securities laws for which relief can be granted, Plaintiffs' claims, whatever they may be, should be dismissed.

### C.  Plaintiffs' SEA Claims Must be Dismissed.

Plaintiffs' SEA claims against the SunAmerica Defendants also fail and must be dismissed.  Plaintiffs have alleged violations of Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  (Compl. ¶¶ 3, 6, 11, 24, 27).  Section 10(b) provides that it shall be unlawful:

> To use or employ, *in connection with the purchase or sale of any security* registered on a national securities exchange or any security not so registered, or any securities-based swap agreement any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C.A. § 78j (West 2012) (*emphasis added*). Rule 10b-5 similarly states:

> It shall be unlawful for any person, directly or indirectly, by the use or any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,
>
> *In connection with the purchase or sale of a security.*

17 C.F.R. § 240.10b-5 (West 2013) (*emphasis added*).

In order to state a valid claim under Section 10(b) or Rule 10b-5, Plaintiffs must demonstrate (1) the misrepresentation or omission of a material fact, (2) scienter, (3) reliance (4) *in connection with the purchase or sale of a security*, (5) economic loss and damages, and (6) loss causation. *Dura Pharmaceuticals, Inc v. Broudo*, 544 U.S. 336, 341 (2005) (*emphasis added*).  Here,

Plaintiffs have failed to plead facts sufficient to demonstrate the actions made the basis of their Amended Complaint were made "in connection with the purchase or sale of a security."  As such, the Court should dismiss Plaintiffs' SEA Claims.

### 1.   The Deposit of the Check in Another Account was not Made "in Connection with the Purchase or Sale of a Security."

Plaintiffs have failed to sufficiently plead that the alleged misrepresentations by Moates regarding the Check were made "in connection with the purchase or sale of a security."  Indeed, "[i]nvestors injured by fraud may recover under federal securities law only if the deceit caused them to purchase or sell a security."  *Anderson v. Aon Corp.*, 614 F.3d 361, 363 (7th Cir. 2010) (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731 (1975) (also discussing Congress' rejection of attempts to amend the wording of 10(b) to cover *attempts* to purchase or sell securities)(emphasis added)).  Although Plaintiffs state that "[t]he acts complained of herein involved the purchase and sale of "securities" within the meaning of Section 3(a)(10) of The Exchange Act," they fail to provide factual allegations to support this claim.  *See* Compl. ¶ 11. The Supreme Court has held that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The minimal facts, as alleged, clearly demonstrate that while Plaintiffs may have *intended* to purchase securities with the Check, the money was never actually utilized to purchase securities, but instead was deposited with HR Administration, Inc., and/or HR Financial Services, Inc.  *See* Comp. ¶ 12.  Facts that show an *attempt* to purchase a security do not equate to a purchase of a security, and is therefore not covered under Section 10(b).  *Blue Chip*, 421 U.S. at 731.

Plaintiffs have also failed to plead facts in support of the required causation elements. "When ruling on a motion to dismiss, [courts] look to whether the plaintiffs' allegations suffice

to show the required causal connection between the defendant's wrongful conduct and the plaintiffs' losses." *Schaff v Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Dura Pharmaceutical*, 544 U.S. at 347).   Here, "[i]n the securities context, this requirement means that the plaintiff must adequately plead both 'transaction causation' and 'loss causation.'" *Id.* (citing *Harris v. Union Elec. Co.*, 787 F.2d 355, 367).   "To plead transaction causation, the plaintiff must show that the defendant's fraud induced the plaintiff to purchase the security." *Id.* As indicated above, Plaintiffs have failed to plead facts supporting the claim that Moates' alleged misrepresentations caused them to purchase a security; therefore, Plaintiffs have not adequately pled transaction causation in the security context. Accordingly, Plaintiffs' SEA claim must be dismissed.

> **2.   The Alleged Transfer from the SunAmerica Account to Another Account was not Made "in Connection with the Purchase or Sale of a Security."**

Regarding the alleged fraudulent transfer of approximately $157,000.00 from the SunAmerica Account to HR Administrators, Inc. and /or HR Financial Services, Inc., Plaintiffs again fail to allege facts showing this was made "in connection with the purchase or sale of a security," as required by Rule 10b-5.  Although a 401(k) account *may* contain securities, they do not have to, and the account itself is not a security under federal law. *See* 15 U.S.C. §78c(a)(10). In the Amended Complaint, Plaintiffs have not specifically alleged that the SunAmerica Account ever purchased any securities or that any securities within the SunAmerica account were ever sold.  All Plaintiffs have alleged is that the balance of the funds held in the SunAmerica Account were withdrawn on or about March 24, 2011 and transferred to an account controlled by HR Administrators, Inc. and /or HR Financial Services, Inc. *See generally* Compl. ¶¶ 14-23.  Other than a vague reference to "the securities in Plaintiffs' account," Plaintiffs have failed to allege any facts to demonstrate that the SunAmerica Account ever held any securities or that any

securities were ever purchased or sold through the SunAmerica Account.  Claims of fraud demand a higher degree of notice than other claims and must be pled with particularity pursuant to Rule 9(b) which requires the claim to identify who, what, when, where and how.  *U.S. ex rel. Costner v. U.S.*, 317 F.3d 883, 888 (8th Cir. 2003).  As indicated on the face of the Amended Complaint, Plaintiffs have failed to meet this requirement.  As such, Plaintiffs' SEA claim should be dismissed.

### D.  The SunAmerica Defendants are Not Responsible for the Actions of Moates.

#### 1.  Moates was not the SunAmerica Defendants' Agent under Arkansas Common Law.

The SunAmerica Defendants are not responsible for the actions of Moates under a common law theory of agency because Moates was not an agent of the SunAmerica Defendants and was not acting on their behalf when engaging in the acts complained of by Plaintiffs.  The Arkansas courts have adopted the definition of agency contained in the Restatement (Second) of Agency, which requires two essential elements: (1) that an agent have the authority to act for the principal and (2) that the agent act on the principal's behalf and subject to the principal's control. *Id*.  However, the Amended Complaint makes clear that Plaintiffs have failed to plead facts supporting either element.  Instead, as is the theme throughout the Amended Complaint, Plaintiffs resort to mere conclusions that Moates was the agent of the SunAmerica Defendants, which the Court must disregard for the purposes of this motion to dismiss.

Instead, what the allegations, and this motion, show is that Moates was an employee of NFP, and was never an employee, registered representative or licensed producer for the SunAmerica Defendants.  *See* Exs. A & B.  Moreover, even if Moates was an agent of the SunAmerica Defendants, which he was not, the SunAmerica Defendants are not responsible for his allegedly tortious conduct because it was not for the benefit of the SunAmerica Defendants.

*Cooper*, 237 S.W.3d at 93; *See Supra*, ¶ A(3).   As Moates was not acting on SunAmerica's behalf in diverting funds from the SunAmerica Account, and thus was not acting as an agent for SunAmerica, the SunAmerica Defendants have no common law agency responsibility for Moates.

### 2.  Plaintiffs have Failed to Plead a Claim Against The SunAmerica Defendants for Control Person Liability.

Likewise, Plaintiffs have failed to plead facts indicating that SunAmerica is liable for the actions of Moates under the SEA as a "control person".  (Compl. ¶¶6, 27).  The 8th Circuit has held that the standard of proof for control person liability is a three prong test requiring a showing "(1) that a 'primary violator' violated the federal securities laws; (2) that 'the alleged control person actually exercised control over the general operations of the primary violator'; and (3) that 'the alleged control person possessed—but did not necessarily exercise—the power to determine the specific acts or omissions upon which the underlying violation is predicated.'" *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (quoting *Farley v. Henson*, 11 F.3d 827, 835 (8th Cir. 1993).  Plaintiffs have not adequately pled facts to support any of these elements and therefore their claim should be dismissed.

The first element required for control person liability is a showing that there was a primary violation of federal securities law by the "controlled person." *Id*.  As explained above, Plaintiffs have failed to adequately plead multiple elements required for 10b and Rule 10b-5 violations, including causation and that the alleged acts were committed "in connection with the purchase or sale of a security."  This failure to properly plead a primary violation of federal securities law is fatal to Plaintiffs' claims for control person liability.

Plaintiffs have likewise failed to adequately plead the second two elements for a claim based on control person liability. Rather than pleading *facts* to support these two elements as

required by the Federal Rules of Civil Procedure, Plaintiffs resort to baseless and conclusory allegations that the SunAmerica Defendants are broker-dealers, subject to FINRA regulation, and that Moates is an agent, employee or registered representative of the SunAmerica Defendants, whom the SunAmerica Defendants must supervise.  *See* Comp. ¶¶ 9, 25-27, and 28.  Yet, as is publicly available information, at no time has SunAmerica Asset Management Corp ever been a member of FINRA or its predecessor organization, the NASD.[4]  As such, SunAmerica Asset Management Corp. is not subject to the rules of "member organizations" as Plaintiffs allege.  *Id* at ¶ 30.

Moreover, Moates was never an employee, registered representative or licensed producer for the SunAmerica Defendants.  *See* Exs. A & B.  Additionally, Plaintiffs have alleged no facts to support an allegation that the SunAmerica Defendants "actually exercised control over the general operations" of Moates or that the SunAmerica Defendants "possessed the power to determine the specific acts or omissions upon which the underlying violation is predicated." *Lustgraaf*, 619 F.3d at 873.  Based on the foregoing, Plaintiffs' control person claim against the SunAmerica Defendants should be dismissed.

### E.  Plaintiffs Should not be Permitted Leave to Amend.

To the extent Plaintiffs again request leave to amend their complaint to correct the numerous deficiencies, such request should be denied as any such amendment would be futile. *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  As detailed above, Plaintiffs are unable to allege any conceivable set of facts allowing for recovery from the SunAmerica Defendants on their federal or state law claims based on the actions complained of. Upon granting a motion to dismiss, a court need not permit the plaintiff to file an amended claim where "no cause of action can be stated against the defendants and . . . a dismissal with leave to

---

[4] *See* note 2, *supra*.

14

amend would serve no useful purpose." *Wright v. Anthony*, 733 F.2d 575, 577 (8th Cir. 1984). Plaintiffs' Amended Complaint is clear proof of Plaintiffs' repeated failure to state a claim, and thus, Plaintiffs should not again be permitted leave. *See Foman*, 371 U.S. 178 at 182 (listing "repeated failure to cure deficiencies by amendments previously allowed" as grounds for denying leave to amend.)  Accordingly, Plaintiffs' Amended Complaint should be dismissed under Rule 12(b)(6) with prejudice, and without leave to amend.

## V.   CONCLUSION

WHEREFORE, Defendants SunAmerica Asset Management Corp. f/k/a AIG SunAmerica Asset Management Corp. and SunAmerica Capital Services, Inc. f/k/a AIG SunAmerica Capital Services, Inc. request this Court to dismiss the claims asserted against them in Plaintiff's Amended Complaint [doc. no. 21], and for any other or additional relief the Court deems just and proper.

Respectfully submitted,


By:    */s/ Blaire A. Bruns*
Thomas F.A. Hetherington
Texas Bar No. 24007359
tom.hetherington@emhllp.com
Blaire A. Bruns
Texas Bar No. 24064968
blaire.bruns@emhllp.com
EDISON, MCDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas  77027
Telephone: (713) 337-5580
Facsimile: (713) 337-8850

Troy A. Price
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock Arkansas 72201-3699
Telephone: (501) 371-0808
Facsimile: (501) 376-9442
tpice@wlj.com

***SunAmerica Asset Management Corp. f/k/a***
***AIG SunAmerica Asset Management Corp. and***
***SunAmerica Capital Services, Inc. f/k/a***
***AIG SunAmerica Capital Services, Inc.***


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Court's CM/ECF system on July 29, 2013, which should have generated and delivered electronic notice of filing to all counsel of record.


*/s/ Blaire A. Bruns*
Blaire A. Bruns

16