IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JANES, INC. and
LOREN JANES                                                        PLAINTIFFS

VS.                              Case No. 13-2049

WILLIAM J MOATES;
SUN AMERICA ASSET MANAGEMENT CORP.
f/k/a AIG SUN AMERICA ASSET MGT. CORP;
SUNAMERICA CAPITAL SERVICES, INC.
f/k/a AIG SUNAMERICA CAPITAL SERVICES, INC.;
and NATIONAL PLANNING CORPORATION                     DEFENDANTS

DEFENDANT SUNAMERICA ASSET MANAGEMENT CORP.
F/K/A AIG SUNAMERICA ASSET MANAGEMENT CORP
AND SUN AMERICA CAPITAL SERVICES, INC.
F/K/A AIG SUNAMERICA CAPITAL SERVICES, INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants SunAmerica Asset Management Corp. f/k/a AIG SunAmerica Asset

Management Corp. and SunAmerica Capital Services, Inc. f/k/a AIG SunAmerica Capital

Services, Inc. (collectively the "SunAmerica Defendants") hereby file this Reply in Support of

their Motion to Dismiss Plaintiffs' Amended Complaint [doc. no. 21] as follows:

## I.    INTRODUCTION

Rather than directly responding to the fatal pleading deficiencies raised by the

SunAmerica Defendants in their Motion to Dismiss, Plaintiffs mislead this Court by contending

that it should convert the motion to dismiss into one for summary judgment and permit Plaintiffs

time to engage in discovery before having to respond. Plaintiffs' efforts are nothing more than a

tacit admission that they have failed to plead facts adequate to state a claim against the

SunAmerica Defendants, and thus, their Amended Complaint should be dismissed. Moreover,

Plaintiffs have failed to provide any basis supporting its allegation that the motion to dismiss

should be converted into one for summary judgment in the face of longstanding law permitting

the Court to review documents such as those referenced by the SunAmerica Defendants for purposes of a motion to dismiss.  Indeed, no amount of discovery would save Plaintiffs' claims from dismissal, as Plaintiffs' true complaints arise from the alleged fraudulent actions of other entities over which the SunAmerica Defendants have no control. As the Motion to Dismiss is properly considered as such, and because Plaintiffs have failed to meet the pleading requirements set forth by the Federal Rules of Civil Procedure, Plaintiffs' claims against the SunAmerica Defendants should be dismissed.

## II.    ARGUMENT

### 1.    The SunAmerica Defendants' Motion to Dismiss should not be converted into one for summary judgment.

Plaintiffs devote nearly three and a half pages of their Opposition to a discussion of "Procedural Status".  *See* Pls.' Opp., pp. 2-5.  In this section, Plaintiffs attempt to convince the Court that the SunAmerica Defendants' Motion to Dismiss *must be* considered a Motion for Summary Judgment because two exhibits were attached.  *Id*. at pp. 2-3.  Plaintiffs, however, have simply ignored the 8th Circuit's controlling case law addressing this exact issue.  As was clearly explained in the SunAmerica Defendants' Memorandum in Support of Their Motion to Dismiss ("Memorandum"), the 8th Circuit allows Courts to consider certain matters outside the pleading, when deciding a motion to dismiss pursuant to Rule 12(b)(6), without automatically converting it into a motion for summary judgment.  *See* Memorandum pp. 3-4 (citing *State ex rel. Nixon v Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999); *Dittmer Properties, L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013).  Such matters include "items subject to judicial notice" and "matters of public record."  *Dittmer*, 708 F.3d at 1021.

The two exhibits attached to Defendants' Memorandum—a FINRA broker check report and Arkansas Insurance Department Produce License Report—are both matters of public record

2

*and* subject to judicial notice which allows the Court to consider them without converting the Motion to Dismiss into a motion for summary judgment. *See Wilson v. Bodnar*, 750 F.Supp.2d 186, 188 n. 5 (D. Me 2010) (noting a FINRA broker check report is a public document); *Call v. Czaplicki*, No. 09-6561, 2011 WL 2532712, at \*7 n. 7 (D. N.J. June 23, 2011) (reviewing both FINRA report and State Insurance Report in context of 12(b)(6) motion); FED. R. EVID. 201(b)(2) (a court may take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned). The SunAmerica Defendants attached copies of these two exhibits for the convenience of the Court; however, if the Court wishes to verify their authenticity, it can view these documents on public websites for FINRA and the Arkansas Insurance Department respectively.[1]

Plaintiffs cited to a number of cases in their Opposition to support their claim that "a motion to dismiss for failure to state a claim upon which relief can be granted must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the court." *See* Pls.' Opp., p. 3 (citing *Mazaleski v. Treusdell*, 562 F.2d 701 (D.C. Cir. 1977); *Abrahamson v. Mitchell*, 459 F.2d 955 (8th Cir. 1972); *Dayco Corp. v. Goodyear Tire and Rubber Co.*, 523 F.2d 389 (6th Cir. 1975); *Woods v. Dugan*, 660 F.2d 379, 380 (8th Cir. 1981)). Plaintiffs' reliance on these cases is misplaced. Each of these cases predates *Nixon* and *Dittmer* by decades, two are from outside the 8th Circuit, and *Woods* was specifically

---

[1] Exhibit A to SunAmerica's Memorandum is a FINRA broker check report for William Moates Jr. The Court can retrieve this document by visiting http://brokercheck.finra.org/Search/Search.aspx, searching by "Individual" and entering either the full name "William Jackson Moates Jr." or his CRD # "3127137", clicking the hyperlink for "Broker" and then clicking the link "Get Detailed Report".

Exhibit B to SunAmerica's Memorandum is an Arkansas Insurance Department Insurance Producer License Report. The Court can retrieve this document by visiting http://insurance.arkansas.gov/license.htm, going to "On-line Searches – Producer (Agent/Adjuster) – Producer Search," and entering his First Name "William", Last Name "Moates", and License number "60218".

distinguished by *Nixon* for converting a 12(b)(6) motion into a motion for summary judgment, a fact that the SunAmerica Defendants pointed out in their Memorandum. *See* Memorandum, p. 3; *Nixon*, 164 F.3d at 1107 (distinguishing *Woods* and stating "In this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support of or opposition to the motion.").

Plaintiffs' refusal to recognize controlling case law and their unsupported insistence that this Court convert the Motion to Dismiss into a motion for summary judgment is nothing more than a ruse designed to distract this Court from the fatal deficiencies in their Complaint in an effort to allow an improper claim to proceed against the SunAmerica Defendants. While none of the alleged supporting evidence attached to Plaintiffs' Opposition may be considered by this Court, the attached evidence actually supports dismissal as it shows Moates to be <u>Plaintiffs'</u> financial representative, and/or a representative of entities not made part of this suit. *McAuley v. Fed. Ins. Co.*, 500 F.3d 784m 787 (8th Cir. 2007); e.g., Opposition, Ex. A., pg. 4 of 4, Ex. C. pg. 1 of 2.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint — not to determine whether a complaint *could be* legally sufficient, at some later date, after extensive discovery. *Peck v.Hoff*, 660 F.2d 371, 374 (8th Cir. 1981).[2] As such, Plaintiffs' request for this Court to convert the SunAmerica Defendants' Motion to Dismiss into one for summary judgment should be denied, and the SunAmerica Defendants' Motion to Dismiss granted due to Plaintiffs' failure to state a claim.

**2.      Plaintiffs' Have Failed to State A Claim Against the SunAmerica Defendants.**

Plaintiffs begin the argument section of their Opposition by stating that it is fundamental to the Court's determination that Plaintiffs' allegations be accepted as true and that SunAmerica

---

[2] Again, no amount of additional discovery will save Plaintiffs' claims from dismissal.

has "simply chosen to ignore multiple allegations set out in the Plaintiffs' complaint," as evidenced by its Motion to Dismiss. As evidenced by the Amended Complaint itself, this is simply not the case. Rather, the SunAmerica Defendants have merely noted that—pursuant to the holdings of the United States Supreme Court—Plaintiffs' legal conclusions, couched as factual allegations, are not entitled to a presumption of truth, and therefore, should be disregarded by this Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These conclusory allegations include ones that Plaintiffs are now improperly attempting to support through the Janes Affidavit. As explained thoroughly in SunAmerica's Memorandum, and as clarified below, Plaintiffs' claims are woefully deficient, substituting improper legal conclusions in the place of factual assertions and failing to properly allege essential elements. As such, Plaintiffs' claims should be dismissed.

> ### a. Negligence.

As explained in SunAmerica's Memorandum, Plaintiffs have failed to plead a claim against the SunAmerica Defendants for Negligence based on a legally recognized duty. *See* Memorandum, pp. 5-6. Plaintiffs' Opposition attempts to create a duty where none exists by asserting that it is simply "common sense" and "axiomatic" that such a duty exists. Pls.' Opp., pp. 6-7. Plaintiffs, however, ignore the fact that "[t]he question of what duty, if any, is owed a plaintiff alleging negligence is *always* a question of law . . . ." *Marlar v. Daniel*, 247 S.W.3d 473, 476 (Ark. 2007) (emphasis added), and Plaintiffs can point to no law supporting such a duty. Without a duty recognized in law, Plaintiffs have no claim against the SunAmerica Defendants for negligence.

In the face of their failure to plead a legally recognized duty, Plaintiffs attempt to fabricate one by reasoning through analogy. Plaintiffs cite to an Arkansas case, which in turn

cites to a Kansas case, holding that it was *commercially unreasonable* for a bank to accept deposits into an account without ascertaining or making inquiry into the authority of the depositor/endorser.   Pls.' Opp., pp. 6-7.   Plaintiffs' reliance on these cases, however, is misplaced.   First, neither of these cases recognizes a duty; in fact, the word "duty" does not appear once in either case.   *See First Bank & Trust of Jonesboro v. Vacarri*, 703 S.W.2d 867 (Ark. 1986); *Aetna Cas. & Surety Co. v. Helper State Bank*, 630 P.2d 721 (Kan. 1981). Moreover, in 1992, The Arkansas Supreme Court held that (1) *Vacarri* dealt with an outdated law, (2) the "reasonable commercial standards" requirement was only a UCC requirement dealing with conversion, and (3) *Vaccari* was not applicable to a negligence claim.   *J.W. Reynolds Lumber Co. v. Smackover State Bank*, 836 S.W.2d 853, 857 (Ark. 1992).   Because Plaintiffs have failed to articulate a duty owed by the SunAmerica Defendants that is recognized by Arkansas law, Plaintiffs' negligence claim fails.

**b. Conversion.**

Plaintiffs have likewise failed to state a claim for conversion by failing to allege facts to support a claim that the SunAmerica Defendants exercised "dominion" over either the Check or the account balance of $ 157,078.30.[3]   Plaintiffs have failed to allege how the SunAmerica Defendants have any connection to the Check, much less how they exercised "dominion" over it. *See* Memorandum, p. 6.   In their Opposition, Plaintiffs do not even attempt to refute this.   *See* Pls.' Opp. pp. 8-9.   Moreover, Plaintiffs fail to allege facts demonstrating how the SunAmerica Defendants exercised "dominion" over the account balance that was inconsistent with Plaintiffs' rights.   In their Opposition, Plaintiffs again resort to allegations of duties unsupported by Arkansas law and make the unsupported assertion that failure to live up to these "duties"

---

[3] The terms are the same as those defined in the SunAmerica Defendant's Memorandum in Support of Their Motion to Dismiss.

amounts to conversion.  *Id*.  As discussed above, the SunAmerica Defendants did not have a legally recognized duty; as such Plaintiffs' have failed to allege how transferring the account balance amounts to dominion over the account that was inconsistent with Plaintiffs' rights. Because Plaintiffs have failed to allege facts to support essential elements of their claim for conversion, this claim must fail.

### c.  Respondeat Superior.

Plaintiffs' claim for respondeat superior fails because Moates was not an employee of the SunAmerica Defendants, and even if he was, he was not acting within the scope of any alleged employment.  This issue is thoroughly briefed in the SunAmerica Defendants' Memorandum and does not need to be revisited here.  *See* Memorandum, pp. 7-8.  In their Opposition, the only thing Plaintiffs add to the conclusory allegations found in their Amended Complaint is an appeal to the Affidavit of Loren Janes, "and particularly the exhibits attached thereto . . . ."  Pls.' Opp., p. 9.  As discussed above, this Affidavit and the attached exhibits are improper and irrelevant in the context of a motion to dismiss and, as such, the Court should decline to consider them. Moreover, this improper evidence does not support Plaintiffs' argument that Moates was an employee of the SunAmerica Defendants.  Plaintiffs' unfounded assertion that the entities shown in these documents appear to be related to the SunAmerica Defendants does not meet the plausibility standard to survive dismissal under Rule 12(b)(6) set forth by the Supreme Court. *See* Pls.' Opp. p. 4; *Iqbal*, 556 U.S. at 678.  Rather, the attached exhibits list Moates as a representative of Sage Point Financial Inc., and AIG Financial Advisors, Inc., neither of which are named defendants in this case.  *See* Aff. of L. Janes.  Moreover, Plaintiffs allege in their Complaint that Moates was an employee of NFP, and was acting on behalf of NFP.  Compl. ¶ 11, 14.  Because Plaintiffs have failed to allege facts supporting their claim that Moates was an

employee of the SunAmerica Defendants and/or acting within the scope of that employment, SunAmerica cannot be held liable for the actions of Moates under a theory of respondeat superior.

### d. Securities Law Violations.

Plaintiffs' claims that the SunAmerica Defendants violated the Securities Exchange Act of 1934 must be dismissed because Plaintiffs have failed to allege essential elements of these claims.  Regarding the Check for $85,600.00, Plaintiffs have failed to allege both that this transaction was *in connection with the purchase or sale of a security*, and proximate cause. Plaintiffs' claim in their Opposition that the Check "was, in fact, used to purchase a security" is a newly alleged purported fact not pled in Amended Complaint and thus should be disregarded by the Court.  *See* Pls.' Opp., p. 10.  In their Opposition, Plaintiffs—for the first time—assert that Moates represented that the Check would be used to purchase a contribution to the existing SunAmerica "security account" but instead, a "different security" was purchased. Pls.' Opp., p. 10.  Nowhere in their Amended Compliant do Plaintiffs' provide *factual* allegations that the SunAmerica 401k account is a security, nor do they make any allegation that the Hague-Rogers entities, to which the $85,600.00 was allegedly diverted, were themselves securities or that they sold securities.  *See* Compl., ¶¶ 12-13 and 25.  Plaintiffs' failure to plead these essential facts in their Amended Complaint clearly demonstrates that they have failed to state a claim for which relief can be granted.  Plaintiffs have failed to allege two essential elements of their claim and as such this claim should be dismissed.

Moreover, the two cases upon which Plaintiffs rely in their Opposition, *Wharf* and *Zanford* are clearly distinguishable.  In *Wharf* a holding company was found to be in violation of § 10(b) of the Securities Exchange Act for not honoring an option it previously granted the

8

plaintiff to buy stock in the company. *Wharf (Holdings) Ltd. v. United Int'l Holdings, Inc.*, 532 U.S. 588, 588 (2001). In *Zanford*, the court found that a broker who accepted payments for securities that he never intended to deliver was in violation of § 10(b). *SEC v. Zanford*, 535 U.S. 813, 819 (2002). In the present case, the SunAmerica Defendants neither offered to sell Plaintiffs stock in exchange for the $85,600.00, nor did they accept payment of the $85,600.00. Additionally, Moates was never an agent, employee or representative of the SunAmerica Defendants, nor were the SunAmerica Defendants "controlling persons" under section 20(a) of the 1934 Securities Exchange Act. As thoroughly described in the SunAmerica Defendants' Memorandum, and in sections 2 (c), (e) and (f) of this Reply, the SunAmerica Defendants are not liable for the alleged wrongdoings of Moates under *any* theory.

Plaintiffs have also failed to state a claim that the allegedly fraudulent transfer of approximately $157,000.00, was done *in connection with the purchase or sale of a security*. As the SunAmerica Defendants explained in their Memorandum, although a 401(k) account *may* contain securities, they do not have to, and the account itself is not a security under federal law. *See* Memorandum, pp. 11-12. The case cited by Plaintiffs in their Opposition, *Colbert & Winstead*, has no bearing on this issue. *See Colbert & Winstead, PC 401(k) Plan v. AIG Fin. Advisors, Inc.*, No. 3:07-1117, 2008 WL 2704367 (M.D. Tenn. July 8, 2008). The courts only discussion about the Securities Act in that case involved the issue of control person liability. *Id*. at *6-7. Moreover, Plaintiffs intentionally misrepresent the SunAmerica Defendants' position when they claim the SunAmerica Defendants have argued that a "401(k) account is not a 'security,' but is *admittedly* composed of securities . . . ." Pls.' Opp., p. 12 (emphasis added). The SunAmerica Defendants have admitted no such thing and actually take the opposite position in their Memorandum, arguing that "Plaintiffs have failed to allege any facts to demonstrate that

the SunAmerica Account ever held any securities or that any securities were ever purchased or sold through the SunAmerica Account." Memorandum, pp. 11-12. Realizing that they have not stated a claim for which relief can be granted, Plaintiffs now attempt to supplement their Amended Complaint through the Affidavit of Loren Janes. *See* Pls.' Opp., p. 12. As noted throughout this Reply, this alleged evidence is improper, irrelevant, and should be disregarded by the Court for purposes of reviewing the motion to dismiss. As Plaintiffs have failed to allege facts showing that the transfer of approximately $157,000.00 was made in connection with the purchase or sale of a security, their securities law violation claim should be dismissed.

### e. Agency.

Plaintiffs' claims that the SunAmerica Defendants are liable for the acts of Moates under a theory of agency fail for the same reason as their arguments regarding respondeat superior. Plaintiffs' agency arguments in the complaint are strictly limited to conclusory allegations that Moates was an agent of SunAmerica. Conclusory allegations are not entitled to a presumption of truth and should be disregarded when ruling on a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678. As such, Plaintiffs have not properly alleged that the SunAmerica Defendants are responsible for the alleged misdeeds of Moates under an agency theory. *See* Memorandum, pp. 12-13. Again, Plaintiffs attempt to salvage their clearly deficient Amended Complaint by amending it through the Affidavit of Loren Janes and the attached exhibits, all of which are improper for this Court to consider for purposes of this Motion to Dismiss. However, even if the Court were to consider this evidence, it does not support Plaintiffs' agency argument as Moates is not listed as a representative of the SunAmerica Defendants, but instead is listed as a former representative of Sage Point and AIG Financial Advisors, not SunAmerica. *See* Aff. of L. Janes.

Moreover, Plaintiffs allege in the Complaint that Moates was an employee of NFP, and was acting on behalf of NFP.  *See* Compl. ¶ 11, 14.

Plaintiffs' assertion that they "need time to engage in discovery to ascertain the extent of the relationship between Moates and the other Defendants," is irrelevant in the context of a motion to dismiss.  Pls.' Opp., p. 13.  The purpose of a motion to dismiss is to determine the legal sufficiency of the complaint *as alleged*, not as it could have been alleged, or how it may be alleged after time for discovery.  Because Plaintiffs have failed to allege facts supporting their claim that Moates was an agent of the SunAmerica Defendants, SunAmerica cannot be held liable for the actions of Moates under a theory of agency.

### f.  Control Person Liability.

Finally, Plaintiffs have failed to state a claim for control person liability because they have failed to allege facts supporting any of the necessary elements.  The first element of control person liability is that a "primary violator" violated the federal securities laws.  *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010 (quoting *Farley v. Henson*, 11 F.3d 827, 835 (8th Cir. 1993).  As explained above, and more fully in the SunAmerica Defendants' Memorandum, Plaintiffs have failed to adequately plead multiple elements required for 10b and Rule 10b-5 violations.  *See* Memorandum, pp. 9-10 and 13-14.  Failure to properly plead a primary violation of federal securities law is fatal to Plaintiffs' claims for control person liability.

Plaintiffs have also failed to plead the second two elements of control person liability. Plaintiffs' Amended Complaint contains nothing more than baseless and conclusory allegations that the SunAmerica Defendants are broker-dealers who exercised control over Moates and possessed the power to determine the specific acts or omissions upon which the underlying violation is predicated.  *See* Memorandum, pp. 13-14.  In their Opposition, Plaintiffs cite to

*Lustgraaf*, and claim that such case is applicable here. *See* Pls.' Opp., p. 15. It is not. In *Lustgraff*, the court noted that a broker dealer could be considered a control person for one of their *registered representatives*, even if the transactions at issue took place through a different brokerage firm. *Lustgraaf*, 619 F.3d at 876. The key to the court's determination in that case—as is apparent in the section quoted by Plaintiffs in their Opposition—is that the primary violator was a *registered representative* of the alleged control person. *Id*. Although Plaintiffs claim their case is similar, there is one crucial difference; Moates was not a registered representative of the SunAmerica Defendants. Plaintiffs have not made any factual allegations to support this claim, and the public records attached to the SunAmerica Defendants' Memorandum directly refute these conclusory allegations. Once again, Plaintiffs attempt to distract the Court from the deficiencies in their Complaint through the Affidavit of Loren Janes. *See* Pls.' Opp., p. 16. As pointed out previously, this evidence is improper, irrelevant, and should be disregarded by the Court for purposes of this Motion; even if it is considered, it does not support Plaintiffs' allegation that Moates was a registered representative of the SunAmerica Defendants.

Plaintiffs' arguments, in their Opposition, that SunAmerica was in control of the issuance of the redemption check and that Moates was acting under the apparent authority of SunAmerica are both unavailing as neither is an element of control person liability. *See* Pls.' Opp. p. 16; *Lustgraff*, 619 F.3d at 873 (control person liability requires (1) a primary violator, (2) actual control over the primary violator, and (3) the power to determine the specific acts or omissions upon which the underlying violation is predicated). Likewise, Plaintiffs' argument that this Court could find control person liability under 15 U.S.C. §77o is unavailing. *See* Pls. Opp., p. 17. As clearly explained in the case cited by Plaintiffs, *Farley v. Henson*, Section 15 of the 1933 Act (15 U.S.C. § 77o) provides control person liability for violations of Section 12 of the 1933

Act. *Farley v. Henson*, 11 F.3d, 827, 835 (8th Cir. 1993). However, Plaintiffs have alleged violations of Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder. Compl. ¶¶ 3, 6, 11, 24, and 27. Control person liability for Section 10(b) violations is provided for in Section 20(a) of the 1934 Act (15 U.S.C. § 78t), which is what Plaintiffs have alleged in their Amended Complaint. *Farley*, 11 F.3d at 835; Compl. ¶¶ 6 and 27. 15 U.S.C. § 77o has absolutely no bearing on Plaintiffs' case.

Finally, Plaintiffs' claim that because the Arkansas Securities Act "tracks federal law" they are relieved of any obligation to properly allege violations of this statute is completely unfounded. *See* Pls.' Opp. p. 17. *Farley* does state that the ASA tracks federal law; however, nowhere does it state that this removes Plaintiffs' burden to allege facts to support violations of the statute. *Farley*, 11 F.3d at 837. This comment by the court is in the context of a challenge to a damage award. The court merely states that since the jury awarded damages in a lump sum for violation of the ASA, the 1933 Act, and the 1934 Act, and was not asked to apportion damages among the three, the Court was required to find evidence of damages sufficient under each theory. *Id.* Because Plaintiffs have failed to allege facts to support any of the necessary elements of control person liability, under either federal or state law, this claim must be dismissed.

### 3. Plaintiffs Should Not Be Permitted Leave to Amend.

To the extent Plaintiffs request leave to amend their complaint for a second time, such request should be denied as any such amendment would be futile. *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). As is evident from Plaintiffs' Amended Complaint and Opposition, and as detailed above and in the SunAmeica Defendants' Memorandum, Plaintiffs are unable to allege any conceivable set of facts allowing for recovery from the

SunAmerica Defendants.  As such, Plaintiffs should not be granted leave to amend.  *See Wright v. Anthony*, 733 F.2d 575, 577 (8th Cir. 1984).   Plaintiffs' Amended Complaint should be dismissed under Rule 12(b)(6) with prejudice, and without leave to amend.

## III.    CONCLUSION

WHEREFORE, Defendants SunAmerica Asset Management Corp. f/k/a AIG SunAmerica Asset Management Corp. and SunAmerica Capital Services, Inc. f/k/a AIG SunAmerica Capital Services, Inc. request this Court to dismiss the claims asserted against them in Plaintiff's Amended Complaint [doc. no. 21], and for any other or additional relief the Court deems just and proper.

Respectfully submitted,

By: ___*/s/ Troy A. Price*_____
Troy A. Price
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock Arkansas 72201-3699
Telephone: (501) 371-0808
Facsimile: (501) 376-9442
tprice@wlj.com


Thomas F.A. Hetherington
Texas Bar No. 24007359
tom.hetherington@emhllp.com
Blaire A. Bruns
Texas Bar No. 24064968
blaire.bruns@emhllp.com
EDISON, MCDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas  77027
Telephone: (713) 337-5580
Facsimile: (713) 337-8850

*SunAmerica Asset Management Corp. f/k/a*
*AIG SunAmerica Asset Management Corp. and*
*SunAmerica Capital Services, Inc. f/k/a*
*AIG SunAmerica Capital Services, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Court's CM/ECF system on October 16, 2013, which should have generated and delivered electronic notice of filing to all counsel of record.


*/s/ Troy A. Price*_____
Troy A. Price